COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-392-CV

CHRIS-EARL: FIRMAN APPELLANT

V.

EVERMAN INDEPENDENT APPELLEES

SCHOOL DISTRICT AND 

TARRANT COUNTY 

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Chris-Earl: Firman appeals the trial court’s judgment awarding appellees Everman Independent School District and Tarrant County recovery for delinquent ad valorem taxes assessed against Firman’s manufactured home.  In seven issues, Firman argues that the trial court had no authority to render the judgment against him because Firman was not properly served with process and his property was not subject to ad valorem taxes.
(footnote: 2)  We affirm.

First, Firman argues that he was not properly served with process because he was not served in accordance with procedural rule 117a, section 3.
(footnote: 3)  Section 3 provides for delinquent tax suits to be served by publication on property owners who are not Texas residents or whose names or residences are unknown.
(footnote: 4)  Firman is a Texas resident and his residence is known; therefore, section 3 does not apply to him.  Instead, Firman was properly served with citation under rule 117a, section 1.
(footnote: 5) 

Next, Firman argues that only income-producing tangible personal property is required to be rendered for purposes of taxation
(footnote: 6) and that, because his manufactured home was not rendered for taxation and is not income-producing, it is not subject to ad valorem taxes.  We disagree.

The Texas Constitution provides that “all lands and other property not rendered for taxation by the owner thereof shall be assessed at its fair value by the proper officer.”
(footnote: 7)  Moreover, nothing in the tax code requires nonincome-producing tangible personal property to be rendered for taxation before the property is taxable.
(footnote: 8)  To the contrary, section 11.01 of the tax code provides, “All real and tangible personal property that this state has jurisdiction to tax is taxable unless exempt by law.”
(footnote: 9)    The state has jurisdiction to tax real property if it is located in the state and jurisdiction to tax tangible personal property that is located in the state for longer than a temporary period or used continually in the state.
(footnote: 10)  Further, section 11.14 of the tax code expressly provides that nonincome-producing manufactured homes are 
not
 exempt from taxation.
(footnote: 11)
 In this case, Firman’s manufactured home is subject to ad valorem taxes because it is located in the state, at 5220 Banks Road, Fort Worth, Texas. Moreover, appellees put on evidence of Firman’s assessed but unpaid ad valorem taxes on his manufactured home, plus penalties and interest.  Firman did not timely object to that evidence
(footnote: 12) or offer any controverting evidence.  Accordingly, we hold that the trial court did not err by rendering judgment against Firman based on the unpaid taxes.

For these reasons, we overrule Firman’s issues and affirm the trial court’s judgment. 

PER CURIAM

PANEL F:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED:  August 31, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
In his opening brief on appeal, Firman framed these complaints in terms of the trial court’s alleged lack of subject matter jurisdiction.  In his reply brief, however, Firman argues:

My argument is not that the court lacks subject matter jurisdiction to here [sic] this case, or even rule in re of this case. . . .  He simply lacked the jurisdiction to rule the way he did.

. . . The judge had all the jurisdiction in the world as things occurred to make a ruling, he just made the wrong judgment for the wrong reason.

3:
See
 
Tex. R. Civ. P.
 117a, § 3.

4:
See id.

5:
See
 
Tex. R. Civ. P.
 117a, § 1 (governing the service of process of delinquent tax suits on known Texas residents).

6:
See
 
Tex. Tax Code Ann.
 § 22.01(a) (Vernon Supp. 2006) (requiring a person to render for taxation all income-producing tangible personal property). 

7:
Tex. Const.
 art. 8, § 11.

8:
The tax code merely provides that the chief appraiser has the discretion to require a person to render for taxation “any . . . taxable property that he owns.”  
Tex. Tax Code Ann.
 § 22.01(b).  For purposes of this opinion, we assume that Firman’s manufactured home is tangible personal property because a manufactured home can fall into that category.  
Id.
 § 11.14(a); 
see also id.
 § 1.04(3-a).  Our disposition of the appeal would be the same, however, if the manufactured home were real property.

9:
Id.
 § 11.01(a) (Vernon 2001); 
see also
 
Tex. Const.
 art. 8, § 1(b).

10:
Tex. Tax Code Ann.
 § 11.01(b)–(c).

11:
Id.
 § 11.14(a); 
see
 
Tex. Const.
 art. 8, § 1(d)(2) (providing that the legislature may not exempt from ad valorem taxation structures that are substantially affixed to real property and used or occupied as residential dwellings).

12:
Firman affirmatively stated that he had no objection to Everman ISD’s evidence.  After the County’s evidence was admitted, Firman objected to it as irrelevant because “there has to be a rendition sheet on this property for the taxation.”  Because this objection was untimely, it presents nothing for our review.  
See Ramirez v. H.E. Butt Grocery Co.,
 909 S.W.2d 62, 69 (Tex. App.—Waco 1995, writ denied).